IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John Baccus,<br>a/k/a John Roosevelt Baccus,<br><br>Plaintiff,<br><br>vs.<br><br>Paul B. Wickensimer, Clerk of Court for Greenville County,<br><br>Defendant. | ) C/A No. 9:13-1977-DCN-BM<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

John Baccus, also known as John Roosevelt Baccus ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Complaint, ECF No. 1, page 1. Plaintiff is an inmate in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina, and files this action in forma pauperis under 28 U.S.C. § 1915. Plaintiff alleges constitutional violations associated with Defendant's actions, on or about July 2, 2013, in "imped[ing] the filing of Plaintiff's civil rights papers, barr[ing] access to the courts," by returning Plaintiff's state court complaint to Plaintiff, rather than filing it in the Greenville County Court of Common Pleas. See Complaint, ECF No. 1, p. 3-5.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of § 1915; § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325



---

[1] To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

(1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97, (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the pro se Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff's claims against Defendant Wickensimer, the Clerk of Court for Greenville County, are barred by the doctrine of absolute quasi-judicial immunity.[2] The purpose of absolute quasi-judicial immunity for those who perform quasi-judicial functions is "to protect their decision making function from being impeded by fear of litigation or personal monetary liability;" Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th Cir. 1999); and as the Fourth Circuit recognized in Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975), individuals cannot be sued for damages in a § 1983 case for actions stemming from the performance of quasi-judicial functions. Here, Defendant Wickensimer, acting as the Clerk of Court for Greenville County, is entitled to quasi-judicial immunity because at all times relevant to this case, he was acting in his role as clerk, and his actions were "judicial act[s] . . . having an integral relationship with the judicial process." Wymore v.

---

[2] Absolute immunity "is an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

2

Green, 245 F. App'x 780, 783 (10th Cir. 2007) [affirming district court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents]; see also Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994) [extending absolute quasi-judicial immunity to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"]; Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) [extending immunity to a judge's subordinates performing "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction"].

In the instant case, Plaintiff has attached to his Complaint a copy of a letter to Plaintiff from the Office of the Clerk of Court, dated June 26, 2013, in which Plaintiff is informed "We are returning your mail. We are unable to determine what exactly this is that you are trying to file." Compliant, ECF No. 1-1, p. 2. It appears, based on Plaintiff's allegations and copies of other documents attached to Plaintiff's Complaint, that Plaintiff submitted to the Greenville County Office of the Clerk of Court a confusing array of handwritten documents. Plaintiff's documents contained various legal-sounding, but sometimes nonsensical, statements which purported to comprise a civil lawsuit against the State Budget and Control Board and numerous individual defendants, that Plaintiff wished to commence as an indigent filer, with an improper and unauthorized "Notice of Appointment for Legal Counsel." Complaint, ECF No. 1-1, p. 4. Plaintiff mailed a civil cover sheet, and a motion and order information form and coversheet, to the Clerk's Office, which incorrectly indicated that his action was both a rule to show cause in child or spousal support, and an action alleging domestic abuse or abuse and neglect. Complaint, ECF No. 1-1, p. 6-7. Plaintiff's self-styled pleadings were entitled "Notice of Intent to File Suit: Summons and Complaint: Affidavit



3

9:13-cv-01977-DCN     Date Filed 08/20/13     Entry Number 10     Page 4 of 6

Enforcements, SCR Civ. P. Rules 1 Thru 86," and "Motion and Affidavit for An Emergency Hearing And Leave of Court to Protect Plaintiff From Harassments/Retaliations When Defendants Move for Rule to Show Cause." Complaint, ECF No. 1-1, p. 8-14.

Based on the foregoing, Defendant Wickensimer was apparently unable to ascertain what type of civil action Plaintiff sought to pursue, and returned Plaintiff's documents to him for clarification. Plaintiff does not allege that he replied to the request of the Office of the Clerk of Court for an explanation, or that he attempted thereafter to file a proper lawsuit. Absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Hence, because absolute immunity is an immunity from suit, Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985), Defendant is entitled to summary dismissal of any claims for damages in Plaintiff's Complaint.

Finally, in addition to immunity from monetary damages, the Defendant is also protected from Plaintiff's claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief were met. See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a

4

quasi-judicial official); <u>Gilmore v. Bostic</u>, 636 F. Supp. 2d 496, 506 (S.D. W. Va. 2009) (collecting cases).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 20, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6